**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-824-DWD |
| | ) | |
| $35,955.00 IN UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |
| LAURIE GAGGERO, | ) | |
| | ) | |
| Claimant. | ) | |

**STIPULATED ORDER FOR FORFEITURE AND FOR RETURN OF PROPERTY**

**DUGAN, District Judge:**

This matter comes before the Court on the United States of America's motion for entry of stipulated order of forfeiture (Doc. 23). The Court **GRANTS** the motion, to which Claimant Laurie Gaggero does not object. Upon stipulation by the United States of America by and through its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Adam E. Hanna, Assistant United States Attorney, and Jacek W. Lentz, Attorney for Claimant Laurie Gaggero, the Court hereby **FINDS** and **ORDERS** as follows:

1. All due notices required by law with respect to the forfeiture have been provided.

1

2.      Laurie Gaggero agrees that $29,955.00 of the $35,955.00 claimed by her shall be forfeited to the United States, and the $29,955.00 is hereby ordered so forfeited.   The United States Marshal shall dispose of the $29,995.00 pursuant to law.

3.      The remaining $6,000.00 shall be returned by the United States to Laurie Gaggero, through her attorney, and the United States shall not seek any further forfeiture of the funds based on any activity which occurred prior to the entry of this Order. The funds shall be transferred to the client trust account of Claimant's attorney, Jacek W. Lentz. The return of the funds shall be processed through, and is subject to, the Treasury Offset Program, which will mean that the $6,000.00 can and will be used towards satisfying other outstanding debts, if any, of Laurie Gaggero to the United States with only the balance, if any, of the $6,000.00 to be returned to the claimant through her attorney.

4.      No other party has filed a claim to the subject funds as required by law in this judicial civil forfeiture proceeding. The funds are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), and the time for any other party to file a claim to the subject funds has expired under 18 U.S.C. § 983(a)(2)(A)-(E).

5.      This Order does not resolve, affect, or determine the income tax liabilities, if any, of the claimant with respect to any of the funds, and the United States is making no representations herein concerning those liabilities, if any.

6.      The agreement between the parties does not constitute any admission of

2

wrongdoing or fact by Claimant or any other party except as otherwise expressly provided herein. This agreement is not admissible in any proceeding, civil or criminal, except for purposes of enforcing or interpreting the terms of the agreement.

7.      Laurie Gaggero releases and holds harmless the United States of America, all officers, agents, employees, and attorneys of the United States of America, and any other law enforcement officers, from any and all damages or causes of action arising from the seizure of any of the subject-matter currency and the institution of forfeiture proceedings against the currency, including, but not limited to, any damages for loss of any interest, attorneys' fees, or litigation costs, further including, but not limited to, any amounts which could be imposed under 28 U.S.C. § 2465(b)(1).   The parties stipulate, and the Court so finds, that there is reasonable cause for the seizure of the subject-matter property and that this order may serve as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465(a)(2).

**SO ORDERED.**

Dated: October 14, 2020

_____
DAVID W. DUGAN
United States District Judge